UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREAMER-SANZARI JOINT VENTURE<br><br>Plaintiff,<br><br>v.<br><br>DURR MECHANICAL CONSTRUCTION, INC.<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

### CIVIL ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Creamer-Sanzari Joint Venture, by and through its undersigned counsel, hereby files this Complaint against Defendant, Durr Mechanical Construction, Inc., and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Creamer-Sanzari Joint Venture ("CSJV"), is a joint venture organized and existing pursuant to the laws of the State of New Jersey with a headquarters located at 101 East Broadway, Hackensack, New Jersey 07601.

2. Upon information and belief, Defendant, Durr Mechanical Construction, Inc. ("Durr"), is a New York corporation with a corporate headquarters of 80 8th Avenue, New York, New York 10011.

### JURISDICTION

3. This Court has personal jurisdiction over Durr because it transacts business in New Jersey.

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred herein.

## FACTUAL BACKGROUND

### The General Construction Contract

6. Upon information and belief, Covanta Essex Company ("Covanta") is a Delaware Limited Liability Company with a corporate headquarters located at 445 South Street, Morristown, New Jersey 07960.

7. On or before September 17, 2014, Durr entered into a General Construction Contract ("GC Contract") with Covanta, as Owner, whereby Durr agreed to provide "labor, equipment, materials, construction, supervision, construction management and other services" in connection with a project known generally as the Essex County Resource Recovery Facility, Essex Baghouse Installation Project ("the Project") in Essex County, New Jersey.

8. Upon information and belief, at the Project site, Durr performed the services required of it by the GC Contract.

### The Baghouse Subcontract

9. On or about September 17, 2014, CSJV and Durr entered into a purchase order subcontract agreement ("Baghouse Subcontract") whereby CSJV agreed to provide Durr all necessary labor, materials, equipment and supervision to perform certain civil work on the Project. A true and accurate copy of the Baghouse Subcontract is attached hereto as Exhibit A.

10. The scope and specifics of the civil work that CSJV agreed to perform under the Baghouse Subcontract are detailed in the Division of Responsibility shown on Attachment C to the Baghouse Subcontract.

11. In exchange for the work to be completed under the Baghouse Subcontract by CSJV, Durr agreed to pay to CSJV a lump sum of $9,106,367.00 in accordance with the terms and conditions of the Baghouse Subcontract.

12. CSJV provided the services and materials required of it in accordance with the terms of the Subcontract.

13. During the course of the Project, Durr agreed to modifications that increased the Baghouse Subcontract price to $10,792.599.11.

14. CSJV performed additional work at the direction of Durr totaling $149,391.13.

15. In total, CSJV performed work under the Baghouse Subcontract valued at $10,941,990.24.

16. Durr only issued payment to CSJV in the amount of $9,988,987.22, leaving an outstanding balance of $953,987.22.

17. CSJV invoiced Durr in accordance with the terms of the Subcontract.

18. CSJV completed its work and submitted its final payment applications.

19. At no point during the construction of the Project or thereafter did Durr ever object to CSJV's invoices, or the quality of the work completed by CSJV under the Baghouse Subcontract.

20. As of the date of this filing, Durr has failed and continues to refuse to make payment to CSJV for outstanding amounts due under the Baghouse Subcontract.

21. Despite demand for the amount of $953,987.22, which includes outstanding periodic payment applications and retainage, Durr has failed and refused to render timely payment.

22. All conditions precedent to recovery have been satisfied by CSJV.

### The ACC Subcontract

23. On or about November 16, 2016, CSJV and Durr entered into a purchase order subcontract agreement ("ACC Subcontract") whereby CSJV agreed to provide Durr certain civil work to install a new Air-Cooled Condenser on the Project. A true and accurate copy of the ACC Subcontract is attached hereto as Exhibit B.

24. In exchange for the work to be completed under the Subcontract by CSJV, Durr agreed to pay to CSJV a lump sum of $20,000 in accordance with the terms and conditions of the ACC Subcontract.

25. CSJV provided the services and materials required of it in accordance with the terms of the ACC Subcontract.

26. During the course of the Project, Durr agreed to modifications that increased the ACC Subcontract price to $94,140.81.

27. CSJV performed additional work at the direction of Durr totaling $88,641.74.

28. In total, CSJV performed work under the ACC Subcontract valued at $182,782.55.

29. Durr issued no payment to CSJV on the ACC Subcontract, leaving an outstanding balance of $182,782.55

30. CSJV invoiced Durr in accordance with the terms of the ACC Subcontract.

31. CSJV completed its work and submitted its final payment applications.

32. At no point during the construction of the Project or thereafter did Durr ever object to CSJV's invoices, or the quality of the work completed by CSJV under the ACC Subcontract.

33. As of the date of this filing, Durr has failed and continues to refuse to make payment to CSJV for outstanding amounts due under the ACC Subcontract.

34. Despite demand for the amount of $182,782.55, which includes outstanding periodic payment applications and retainage, Durr has failed and refused to render timely payment.

35. All conditions precedent to recovery have been satisfied by CSJV.

## COUNT I

## BREACH OF CONTRACT

36. CSJV incorporates the foregoing paragraphs as though fully set forth at length herein.

37. The Subcontracts between CSJV and Durr are valid contracts.

38. CSJV performed all of its work on the Project in a good and workmanlike manner.

39. To date, despite CSJV's repeated requests and demands, Durr has failed and refused to pay CSJV for monies owed under the Subcontracts for the work performed by CSJV.

40. Under the Subcontracts, payment to CSJV is not conditioned on receipt of payment from Covanta, but once Durr receives payment, Durr was required to pay CSJV within seven working days.

41. Upon information and belief, Durr received payment for CSJV's work under the Subcontracts.

42. Payment has been due and outstanding since at least April 30, 2018, if not earlier.

5

43. For the reasons set forth in detail above, Durr has breached the Subcontracts.

44. As a direct and proximate result of Durr's breach of the Subcontracts, CSJV has incurred damages in excess of $1,135,785.57.

**WHEREFORE**, Creamer-Sanzari Joint Venture demands judgment against Durr Mechanical Construction, Inc. in an amount in excess of $1,135,785.57 plus interest, costs, attorneys' fees and any other such damages this Court may deem appropriate.

## COUNT II

### UNJUST ENRICHMENT
### (In the alternative)

45. CSJV incorporates the foregoing paragraphs as though fully set forth at length herein.

46. CSJV provided the labor and materials, and performed services at the Project for the benefit of Durr.

47. CSJV fully expected compensation for its services.

48. Durr has enjoyed the benefits of the labor and materials provided by CSJV.

49. CSJV has not been compensated by Durr in an amount equal to the value of the benefit conferred on Durr by CSJV.

50. The value of the benefit conferred on Durr by CSJV, consisting of the labor and material provided by CSJV, and other service performed by CSJV, and for which CSJV remains unpaid by Durr is an amount in excess of $1,135,785.57.

51. The retention of the benefit of the labor, material and services provided by CSJV to Durr without compensating CSJV for the same would be unjust.

**WHEREFORE**, Creamer-Sanzari Joint Venture demands judgment against Durr Mechanical Construction, Inc. in an amount in excess of $1,135,785.57 plus interest, costs, attorneys' fees and any other such damages this Court may deem appropriate.

### COUNT III

### QUANTUM MERUIT
### (In the alternative)

52. CSJV incorporates the foregoing paragraphs as though fully set forth at length herein.

53. Durr received the benefit and use of the labor, materials and services furnished by CSJV to Durr on the Project.

54. CSJV is entitled to the quantum meruit value of the labor, materials and services provided for the benefit of Durr.

55. The quantum meruit value of the labor, material and services provided by CSJV and for which CSJV remains unpaid by Durr is an amount in excess of $1,135,785.57.

**WHEREFORE**, Creamer-Sanzari Joint Venture demands judgment against Durr Mechanical Construction, Inc. in an amount in excess of $1,135,785.57 plus interest, costs, attorneys' fees and any other such damages this Court may deem appropriate.

### COUNT IV

### NEW JERSEY PROMPT PAYMENT ACT

56. CSJV incorporates the foregoing paragraphs as though fully set forth at length herein.

57. The New Jersey Prompt Payment Act, N.J.S.A. 2A:30A-1 et seq. (the "Act"), provides, among other things, that if payment is not made to a subcontractor or materialman

within ten (10) calendar days after receipt of payment from the owner, the prime contractor shall pay to the subcontractor, in addition to the amount that is due, interest at the prime rate plus one percent.  N.J.S.A. 2A:30A-1 et seq.

58. The Act further provides that if a civil action is commenced to recover payments under the Act the prevailing party shall be awarded reasonable costs and attorney fees in addition to interest. N.J.S.A. 2A:30A-2(f).

59. CSJV is a "Subcontractor" under the Act.

60. Durr is a "Prime Contractor" under the Act.

61. CSJV satisfactorily provided labor, materials, and services requested by Durr.

62. However, Durr has withheld payments from CSJV in violation of the Act and is liable to CSJV for an outstanding amount in excess of $1,135,785.57 plus interest at a rate equal to the prime rate plus 1%, attorneys' fees and costs.

**WHEREFORE**, Creamer-Sanzari Joint Venture demands judgment against Durr Mechanical Construction, Inc. in an amount in excess of $1,135,785.57 plus interest, costs, attorneys' fees and any other such damages this Court may deem appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, Creamer-Sanzari Joint Venture, demands trial by a jury on all of the triable issues of this Complaint.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local Civil Rule 11.2 counsel hereby certified that the subject of this action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

        **COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.**

By:  /s/ Jennifer R. Budd
        **George E. Pallas**
        **Jennifer R. Budd**
        United Plaza
        30 South 17th Street
        19th Floor
        Philadelphia, PA  19103
        Phone: 215-564-1700
        Fax: 267-238-4415
        Email: gpallas@cohenseglias.com
               jbudd@cohenseglias.com
        *ATTORNEYS FOR PLAINTIFF*

Dated:  August 6, 2018